IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Harold Vaughn, ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | |
| *-vs-* ) | No. 15-cv- |
| ) | |
| Thomas Dart, Sheriff of Cook ) | *(jury demand)* |
| County, and Cook County, Illinois, ) | |
| ) | |
| *Defendants.* ) | |

## COMPLAINT

Plaintiff, by counsel, alleges as follows:

1. This is a civil action arising under Section 202 of the Americans with Disabilities Act, 42 U.S.C. §12132, Section 504 of the Rehabilitation Act, 29 U.S.C. §794(a), and 42 U.S.C. § 1983. The jurisdiction of this Court is conferred by 28 U.S.C. §12133, 29 U.S.C. §794a(a)(2), and 28 U.S.C. § 1343.

2. Plaintiff Harold Vaughn is a disabled resident of the State of Illinois who requires a wheelchair to move from place to place. Vaughn has been incarcerated at the Cook County Jail from October of 2012 to the present time.

3. Defendant Thomas Dart is the Sheriff of Cook County. Plaintiff sues Dart in his official capacity.

4. Defendant Cook County, in collaboration with the Sheriff as outlined in their "January 2011 Inter-Agency Agreement," is responsible for accommodating the needs of disabled prisoners at the Cook County Jail and is a

necessary party pursuant to *Carver v. Sheriff of LaSalle County*, 324 F.3d 947 (7th Cir. 2003).

5. When plaintiff entered the Jail in October of 2012, medical personnel employed by defendant Cook County recognized that plaintiff required a wheelchair to move from place to place and ordered that plaintiff be provided with a wheelchair and assigned to a housing unit capable of accommodating his disabilities.

6. Defendants have provided plaintiff with a wheelchair for most of his incarceration but have otherwise failed to assign plaintiff to a housing unit capable of accommodating his disabilities.

7. By failing to assign plaintiff to a housing unit capable of accommodating his disabilities, defendants have deprived plaintiff of rights secured by the ADA and the Rehabilitation Act and caused him great difficulty in engaging in a variety of everyday life activities, including using toilet facilities, showering, transferring to his assigned bed, and accessing the common area facilities.

8. Defendants deprived plaintiff of rights secured by the ADA and the Rehabilitation Act by transporting him from the Jail to court appearances at the Markham Courthouse and to medical appointments at Stroger Hospital without securely tethering his wheelchair.

9. Plaintiff suffered serious personal injuries as a result of the above described violation of his rights in the summer or fall of 2014 when he fell out of his wheelchair during transport.

10. Plaintiff is presently assigned to room 9 of tier 3A in the "Residential Treatment Unit" ("RTU").

11. Tier 3A of the RTU consists of ten cells and is designated by the Sheriff for segregation and protective custody wheelchair using prisoners.

12. One of the ten cells in tier 3A is equipped with a toilet and sink accessible to a wheelchair using prisoner. Defendants have refused to assign plaintiff to the handicap accessible cell, and require that he live in a cell without an accessible toilet and sink.

13. Plaintiff has been and continues to suffer irreparable harm while he is assigned to a living unit that does not accommodate his disabilities.

14. Plaintiff demands trial by jury on his claims for money damages.

It is therefore respectfully requested that the Court grant appropriate injunctive relief to require defendants to cause plaintiff to be assigned an appropriate housing for a wheelchair assisted person. Plaintiff also requests that judgment be entered in his favor for appropriate compensatory damages and that the Court grant whatsoever other relief as may be appropriate, including an award of attorney's fees and costs.

/s/ Patrick W. Morrissey
Patrick W. Morrissey
ARDC No. 6309730
Thomas G. Morrissey, Ltd.
10249 S. Western Ave.
Chicago, Illinois 60643
(773) 233-7900

Kenneth N. Flaxman
Joel A. Flaxman
200 S Michigan Ave, Ste 201
Chicago, IL 60604
(312) 427-3200

*Attorneys for Plaintiff*