UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HAROLD VAUGHN, | ) | |
| | ) | |
| Plaintiff, | ) | 15-cv-951 |
| | ) | |
| v. | ) | Magistrate Judge Susan E. Cox |
| | ) | |
| THOMAS DART, Sheriff of Cook County; | ) | |
| and COOK COUNTY, Illinois | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This matter comes before the Court on plaintiff's Petition for Attorneys' Fees and Expenses. (Dkt. 98.) Although we have reduced the total amount of fees allowed from $40,789.85 to $39,648.60 (we have made no reductions to Plaintiff's costs), we grant plaintiff's motion.

Plaintiff, Harold Vaughan, sued Thomas Dart, Sheriff of Cook County, and the County of Cook for violations of the Americans with Disabilities Act, 42 U.S.C. 12181-1289. Specifically, plaintiff, who is confined to a wheelchair, alleged that the defendants failed to house him in a unit capable of accommodating his disabilities. As a result, plaintiff's abilities to use the toilet facilities, shower, and access his bed were made more difficult. Plaintiff also alleged that during both his transport to the Markham Courthouse and to Stroger Hospital, defendants failed to secure his wheel adequately which caused him to fall on one occasion, as well as other unnecessary discomfort.

On July 27, 2017, the parties entered into a settlement agreement in the amount of $11,000. Although defendants suggest otherwise in their opposition to plaintiff's motion for fees, all of these funds will be paid to plaintiff in this case. (Plaintiff's Reply, p. 4, fn. 2.) The parties agreed as part of the settlement to submit plaintiff's fees and costs petition to the Court for a ruling. Plaintiff's counsel submitted his firm's itemized time records in a letter to defense counsel

1

on August 16, 2017, requesting a conference to discuss the entries as Local Rule 54.3 requires. Unfortunately, defense counsel responded in this fashion: "I do not agree with any of the fees listed for the attorneys or your former paralegal. Many of your entries are duplicative. There was no response in *Clemons* to your fee petition and it is my understanding you reached a lump sum settlement. Please proceed with your fee petition." This type of response utterly frustrates the point of the Rule which seeks to narrow the issues for the Court to resolve by ruling by requiring that "[t]he parties shall confer and attempt to agree on the amount of fees of related nontaxable expenses that should be awarded prior to filing a fee motion." L.R. 54.3(d) Instead, defense counsel objected to *all* of the fees which, on its face, is a highly unreasonable position for her to take. The Court has a hard time believing that a good faith negotiation would have been fruitless here, but given no opportunity to engage in one, plaintiff filed the instant motion for fees and costs.

In his motion, plaintiff is requesting $40,789.85 in fees and $2,978.36 in costs. Defendants have asked the Court to give plaintiff's attorneys half of their requested fees "as the amount is excessive and the time entries are insufficient to support the requested amount." (Defendants' Response, p. 2.) But before stating this, they also quibble with plaintiff's position that he is the "prevailing party" under the ADA. This argument is a nonstarter in our circuit. Had plaintiff merely accepted the defendants' offer of judgment of $7,500 (which includes all attorney's fees expended to that point in the litigation), he would have been a prevailing party. *See Webb v. James,* 147 F.3d 617, 623 (7th Cir. 1998). But plaintiff settled the case for $3,500 more than defendants offered and that offer did not include his fees, which the parties left to the Court to decide. Clearly plaintiff is a prevailing party under the ADA, 42 U.S.C. § 12205.

To determine whether the plaintiff's fees should be awarded, he must demonstrate that the hourly rates charged and the hours expended on the work are reasonable. *Hensley v. Eckerhart,*

461 U.S. 424, 435 (1983). Defendant first challenges the rates charged by Thomas and Patrick Morrissey, the attorneys with responsibility for litigating the case. Thomas Morrissey seeks a rate of $575.00 an hour. Patrick Morrissey seeks an hourly rate of $285.00. In support of his proposed rate, Patrick Morrissey, who has practiced law for four years, submitted an affidavit which states that he has served as trial counsel in twelve cases which went to verdict. In addition, he states that defense counsel agreed to his proposed hourly rate of $285.00 as the settlement of *Clemons v. Dart,* 13-cv-2356 (N.D. Ill.). In addition, he also submits an affidavit of Brian Orozco, another civil rights attorney with four years' experience at a comparable firm, but with eight fewer trials than Patrick Morrissey. Orozco's billing rate is $250.00 per hour. Finally, plaintiff contends that at least one Northern District of Illinois court has approved a slightly higher billing rate for comparable experience. *Bronzino v. Sheldon*, 2013 WL 1667911, at *4 (N.D. Ill. April 17, 2013) (St. Eve, J.) (awarding a $290/hr fee to civil rights attorney with four years' experience.) For his part, Thomas Morrissey has practiced law for thirty-eight years, and according to his own affidavit, has had an hourly rate of $535 approved several times, most recently six years ago. Morrissey now seeks a modest $40.00 increase in that rate. He also contends that defendants already have approved this higher rate in the *Clemons* case. Finally, he submits an affidavit from a comparable colleague, Richard Farley, whose higher billing rate has been approved in the Northern District of Illinois.

    Defendants' response to this evidence of the reasonableness of the proposed rates is minimal, arguing only that *Clemons* was a settled case which did not differentiate between amounts for the plaintiff and the Morrisseys' attorneys' fees and thus cannot be relied upon by the Court. But plaintiffs have demonstrated that this is incorrect. In an e-mail attached to plaintiff's reply, an assistant state's attorney specifically broke out the attorneys' fees as a separate item. As to the other evidence of the reasonableness of the proposed fee, the defendants are silent. The

Court is satisfied the evidence shows that both the Morrissey attorneys have demonstrated the reasonableness of their rates. The defendants have not objected specifically to the $125.00 rate of the paralegal assigned to this case and the Court finds that it also is a reasonable rate.

This leaves the second part of the inquiry: the number of hours expended on the matter and how those hours were expended. The defendants broadly accuse the Morrisseys of over-litigating a simple matter, spending too many hours talking to their client, and submitting time sheets which are vague and undetailed. What they don't do is point to any specific items to support these conclusions other than noting the alleged duplicative time expended on drafting the Complaint which they erroneously claim was spend by both attorneys (it was not) and was excessive at 2.6 hours (it was, in fact, 1.6 hours). Defendants' brief instead is a scattershot list of complaints which boil down to the argument that a fee of $40,000 plus costs (none of which they dispute), is disproportionate to the recovery in this case. The Court does not believe that the ratio of fees to recovery here is so egregious to justifying the reduction by half of the fee. As the defendants well know, the client's recovery is frequently less than the amount of fees awarded to the prevailing party. The cases cited for the proposition that the Court should reduce the fees are all from districts outside our own except for one, *Scott v. Peterson*, 2010 WL 3173001, at *10 (N.D. Ill. Aug. 11, 2010). But that case is clearly distinguishable. The district court reduced the lodestar only after finding that the bills the attorneys had submitted were duplicative and included billing for claims which were never brought in the case.

In this case, the only specific item attacked by defendant is the amount of time which plaintiff's attorneys spoke with plaintiff. In looking at these entries, the Court counted fewer than thirty six calls over a three year period, averaging less than one call per month to update their client on the status of his case. This does not seem excessive to the Court. Further, the Court has thoroughly viewed the time sheets submitted and does not find that the items reported therein are

so vague or unspecific to justify removing them the fee petition. Further, had defendants really wanted greater detail, they could have asked for it as Local Rule 54.3 provides. Instead they instructed plaintiff's counsel to file their fee petition and now complain about a lack of specificity in the entries.

The Court has reviewed each of the statements submitted for duplicate, clerical/paralegal, or excessive billing entries. Here are the Court's reductions to the fees submitted and the reasons therefore:

**1.**    5/5/16:    .25    (TM):  telephone conversation with clients

This entry is stricken as appears to be about an incident unrelated to allegations of Amended Complaint.

**2.**    1/30/15:    .25    (PM):  preparation of return of service for Dart and Cook

This is clerical work which does not need to have been performed by an attorney, so this entry is stricken.

**3.**    4/8/16:    1.25    (PM):  Preparation Motion for leave to file second amended complaint and filed and notice of motion.

The Court has examined this motion which is very brief and non-substantive. Additionally, the filing of a notice of motion is a paralegal function. The Court reduces this entry to .50.

**4.**    4/24/16:    1.0    (PM):  preparation motion to compel and filed.

Again, the Court has reviewed this filing, which is only two and a half pages long. The Court reduces this entry to .50.

**5.**    7/7/16:    3.25    (PM):  Meeting ASA Nichols office re: 30 b 6 left house at 10:30 arrived at office at 11. meeting until 1, .75 return to office.

The Court will not compensate counsel for the .5 spent commuting from his home. The total time for this entry is reduced to 2.75.

**6.**    1/31/17:    2.25    (PM):  Court Appearance status mj cox e settlement conference status 9:45. left house at 9 and returned to office at 11:15, case not called until 10.

Because the Court believes the total travel time (1.75 by the Court's calculation, in light of how long the 1/31/17 Court appearance was) excessive, this entry will be reduced to .75 to include the court appearance and a small amount of time for travel.

5

The fee award is accordingly reduced to $39,648.60. Plaintiff's counsel is awarded the full amount of costs sought, $2,978.36. This amounts to a total award of $42,626.96.

Entered: 9/26/2017

_____

U.S. Magistrate Judge, Susan E. Cox